# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-0634V
Filed: February 2, 2018
UNPUBLISHED

| | |
|---|---|
| MARK PRAZOFF,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Causation-In-Fact; Tetanus<br>Diphtheria acellular Pertussis (Tdap)<br>Vaccine; Pneumococcal Conjugate<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

     On May 15, 2017, Mark Prazoff ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of pneumococcal and tetanus vaccines he received on April 5, 2016. Petition at preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 2, 2018, respondent filed his Rule 4(c) report[3] in which he concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent states that "petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration (SIRVA), and that it was caused-in-fact by the Tdap and pneumococcal conjugate vaccines he received on April 5, 2016  *Id.* at 4.  Respondent further agrees that no other causes for petitioner's SIRVA were identified and petitioner's records demonstrate that he suffered the sequela of his injury for more than six months.  *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Respondent filed a "Corrected Rule 4(c) Report" (ECF No. 18) to correct a typographical error contained in the original Rule 4(c) report (ECF No. 17).  This Ruling is issued in response to the Corrected Rule 4(c) Report (ECF No. 18).